UNITED STATES of America, Plaintiff-Appellee,

v.

Ralph CARBONE, Defendant-Appellant.

No. 133, Docket 28917.

United States Court of Appeals Second Circuit.

Argued Nov. 16, 1964.

Decided Jan. 13, 1965.

John T. Curtin, U. S. Atty. for Western Dist. of New York, Buffalo, N. Y., for plaintiff-appellee.

Ralph Carbone, defendant-appellant, pro se.

Before MEDINA, MOORE and MARSHALL, Circuit Judges.

MOORE, Circuit Judge:

Defendant appeals from an order denying a motion for a new trial on the ground of newly discovered evidence. The court also considered the motion as if made under 28 U.S.C.A. § 2255.

In 1961 defendant and a co-defendant, Horace Rinaldi, both represented by counsel, were convicted of forging and uttering government bonds, conspiracy and aiding and abetting. Upon appeal Carbone's conviction was affirmed, Rinaldi's reversed. United States v. Rinaldi and Carbone, 301 F.2d 576 (2d Cir., 1962). Upon the first trial during the examination of a witness Patricia Cusano, counsel for Carbone requested from the Government any statements given by Cusano and was informed that none existed. Upon the second trial of Rinaldi, it appeared that a general report had been made by a Secret Service agent to the United States Attorney regarding the case. The trial court directed that this report be delivered to defense counsel and marked it as a court's exhibit. Now defendant claims that the Government's failure to mention this report upon the first trial places the report in the category of newly discovered evidence and that its nonproduction amounted to a suppression of evidence.

The court below concluded that the report was a summary by the investigating agent to the United States Attorney; that "It is not an interview report, and no reasonable construction would permit its being viewed as such. Under the heading 'Witnesses and Their Testimony' no mention of the witness Patricia Cusano is found"; and that "it could not be viewed as being within the ambit of Title 18 U.S.C. § 3500." The court also found that the claim of suppression was without foundation.

An independent examination of the portions of the agent's report upon which defendant bases his claim satisfies this court that this report does not even remotely come within the purview or intendment of section 3500 and that the court below properly denied the motion for a new trial and for relief under 28 U.S.C.A. § 2255.

Affirmed.